UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, AND APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, and THE CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK,<br><br>                    Petitioners,<br><br>              -against-<br><br>M & K CONSTRUCTION SERVICES CORP,<br><br>                    Respondent. | Case No. 1:25-cv-00138 (JLR)<br><br>**<u>MEMORANDUM</u>**<br>**<u>OPINION AND ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

On January 7, 2025, Petitioners — Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund (the "ERISA Funds"); Trustees of the New York City Carpenters Relief and Charity Fund (the "Charity Fund"); and the Carpenter Contractor Alliance of Metropolitan New York ("CCA Metro") (collectively, "Petitioners" or the "Funds") — filed a Petition under the Labor Management Relations Act (LMRA) of 1947, 29 U.S.C. § 141 *et seq.*, to confirm an arbitration award entered by impartial arbitrator Jeffrey G. Stein on June 12, 2024, pursuant to a collective bargaining agreement (the "CBA") involving the New York City District Council of Carpenters (the "Union") and M & K Construction Services Corp. ("Respondent"). *See* Dkt. 1 ("Pet."); Dkt. 1-9 ("Award"); *see also* Dkt 5 ("Br."). For the following reasons, the Petition is GRANTED.

## BACKGROUND

The following undisputed facts are principally taken from the Petition and Petitioners' memorandum of law.  *See* Pet.; Br.

The ERISA Funds are "employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with" the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, and the Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, *id.* § 1002(21). Pet. ¶ 4.  The Charity Fund is a 501(c)(3) charitable organization, *id.* ¶ 5, and CCA Metro is a New York not-for-profit corporation, *id.* at ¶ 6.

Respondent is a New York corporation.  Pet. ¶ 7.  At all relevant times, Respondent was a member of the Association of Wall Ceiling & Carpentry Industries of New York Inc. (the "Association"), an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and an employer in an industry affecting commerce as defined in the LMRA, 29 U.S.C. § 142.  *See* Pet. ¶¶ 7-8; Dkt. 1-1.  As a member of the Association, Respondent agreed to be bound by the CBA with the Union covering the period July 1, 2017, through June 30, 2024.  *See* Pet. ¶ 9; Dkt. 1-2 ("CBA") at 1.  The CBA "requires Respondent to make contributions to the Funds for all work within the trade and geographical jurisdiction of the Union."  Pet. ¶ 10; *see* CBA art. XV, § 1. The CBA "further binds employers to the documents, policies and regulations adopted by the Funds' Trustees."  Pet. ¶ 11; *see* CBA art. XV, § 3.

On May 24, 2023, "the Trustees of the Funds established a Revised Statement of Policy for Collection of Employer Contributions" (the "Collection Policy").  Pet. ¶ 12; *see* Dkt. 1-7 ("Collection Policy").  The Collection Policy states that absent a specified due date, "contributions are due seven (7) calendar days after the end of each pay period."  Pet. ¶ 15;

*see* Collection Policy § II, ¶ 1. As per the Collection Policy, contributions are considered delinquent upon an employer's "failure to make full contributions or other payments as required on time." Pet. ¶ 16; *see* Collection Policy § II, ¶ 3. The Respondent "failed to make timely contributions for the period August 6, 2021 through July 21, 2023, and refused to pay late payment interest of $1,486.89 in violation of the CBA and Collection Policy." Pet. ¶ 19.

On May 6, 2024, Petitioners initiated arbitration before Mr. Jeffrey Stein, "a designated arbitrator under the Collection Policy." Pet. ¶ 20; *see* Collection Policy § VI, ¶ 2; Award at 1. Mr. Stein noticed the arbitration via mailing of the Notice of Arbitration Hearing. *See* Pet. ¶ 20; *see* Dkt. 1-8. On June 4, 2024, Mr. Stein held the hearing. *See* Pet. ¶ 21. No representative appeared for the Respondent. *See* Award at 2 (noting that Respondent failed to appear despite receiving adequate notice, rendering Respondent in default).

On June 12, 2024, Mr. Stein issued the Award, concluding that Respondent had violated the CBA by failing to pay interest for the late contributions between August 6, 2021, and July 21, 2023. *See* Award at 1, 4; Pet. ¶ 22. Mr. Stein ordered Respondent to pay: (i) $1,486.89 in late payment interest, (ii) attorneys' fees of $1,500, (iii) court costs of $400, and (iv) the arbitration fee of $1,000, *see* Award at 4; Pet. ¶ 22*,* plus interest accrued at the annual rate of 10.25% from the date of the Award, *see* Award at 5; Pet. ¶ 23. Pursuant to the Award, Petitioners served a demand letter on Respondent for the $4,386.89 awarded. *See* Pet. ¶ 24; Dkt. 1-10. As of the date of the Petition, Respondent had made no payments under the Award. *See* Pet. ¶ 25.

Petitioners filed the instant Petition to confirm the Award and a supporting memorandum of law on January 7, 2025. *See generally* Pet.; Br. Respondent was served with the Petition by first class mail and electronically on January 9, 2025. *See* Dkts. 7, 9. Respondent's opposition was due on February 11, 2025. *See* Dkt. 8. After that deadline

passed without Respondent having filed an opposition or otherwise communicating with the Court, the Court granted Respondent a courtesy extension to file any opposition by February 21, 2025.  *See* Dkt. 11.  To date, Respondent has not appeared in this case, responded to the Petition, or otherwise sought relief from the Award.

## DISCUSSION

### I.  Standard of Review

The Court's review of an arbitration award under the LMRA is "narrowly circumscribed and highly deferential — indeed, among the most deferential in the law." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 532 (2d Cir. 2016).  "The confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Beijing Shougang Mining Inv. Co. v. Mongolia*, 11 F.4th 144, 160 (2d Cir. 2021) (quoting *Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997)).  An award should be confirmed as long as the arbitrator is "arguably construing or applying the contract and acting within the scope of his [or her] authority." *Nat'l Football League Mgmt. Council*, 820 F.3d at 532 (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).  "In other words, 'an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached.'" *Landau v. Eisenberg*, 922 F.3d 495, 498 (2d Cir. 2019) (quoting *Landy Michaels Realty Corp. v. Local 32B-32J Service Employees International Union*, 954 F.2d 794, 797 (2d Cir. 1992)).  Notwithstanding this deferential standard, and the fact that this Petition is unopposed, the Court must still examine the record as it would in the context of a motion for summary judgment. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006) (holding that "the petition and accompanying record should have been treated as akin to a

motion for summary judgment based on the movant's submissions"). The Court must "determine if [the petitioner] has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)).

## II. Confirmation of the Arbitration Award

Petitioners timely filed the Petition to confirm the June 12, 2024 Award, as the Petition was filed within one year of the Award on January 7, 2025. *See Photopaint Techs., LLC v. Smartlens Corp.*, 335 F.3d 152, 159-60 (2d Cir. 2003) (holding that "a party to an arbitration is entitled to the benefits of the streamlined summary proceeding" to confirm if "it files at any time within one year after the award is made"). Respondent chose not to appear in this case or oppose the Petition after having been provided sufficient notice and time to respond. *See* Dkt. 14. After review of the Petition and supporting exhibits, the Court finds that there is no genuine issue of material fact in dispute precluding summary judgment for Petitioners. Respondent does not dispute that it was bound by the CBA to make contributions to the Funds for all work within the trade and geographical jurisdiction of the Union to resolve disputes via arbitration. *See* CBA art. XV, § 1; Pet. ¶¶ 10-13. Respondent, despite receiving all notices in the matter, failed to respond or appear at the arbitration hearing on June 4, 2024. *See* Award at 2. Respondent did not file any opposition here, despite service of the Petition and supporting papers, as well as ample time to respond. *See generally* Dkt. 11. Based on the record presented, there is more than a "colorable justification" for the Award. *Landau*, 922 F.3d at 498 (quoting *Landy Michaels Realty Corp.*, 954 F.2d at 797). Therefore, the Court confirms the Award in favor of Petitioners.

### III. Post-Judgment Interest

Petitioners further request post-judgment interest at the statutory rate. Pet. at 8. Under 28 U.S.C. § 1961, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court," 28 U.S.C. § 1961(a), and the award of post-judgment interest is mandatory when confirming arbitration awards, *see Trs. for the Mason Tenders Dist. Council Welfare Fund v. Euston St. Servs., Inc.*, No. 15-cv-06628 (GHW), 2016 WL 67730, at *2 (S.D.N.Y. Jan. 5, 2016) (citing *Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013); *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100-01 (2d Cir. 2004)). Therefore, the Court grants Petitioners' request for post-judgment interest. The Petitioners are entitled to post-judgment interest at the statutory rate on the total award, from the date of entry of judgment until it is paid. *See New York Hotel & Gaming Trades Council v. CSC Hudson*, 762 F. Supp. 3d 338, 344-45 (S.D.N.Y. 2025) (noting that such interest shall be set "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment" and shall accrue from the date of judgment until respondent's payment obligations are satisfied (quoting 28 U.S.C. § 1961(a))); *accord Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. 1st Choice Constr. LLC*, No. 20-cv-07119 (LTS), 2021 WL 4482278, at *3 (S.D.N.Y. Sept. 30, 2021).

### IV. Attorneys' Fees and Costs

Petitioners further seek $1,903.50 in attorneys' fees for six hours of attorney time and $132.50 in costs arising out of this Petition. *See* Dkt. 1-11; Pet. at 8.

In federal courts, under the American rule, a prevailing party generally cannot recover its attorneys' fees absent statutory authority. *See International Chemical Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)

(detailing American rule and noting that section 301 of the LMRA does not provide for attorneys' fees in actions to confirm an arbitrator's award).

A court has inherent equitable power to award attorneys' fees when a party acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." *International Chemical Workers Union*, 774 F.2d at 47 (quoting *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974)). In the context of confirmation of arbitration awards, the Second Circuit has articulated the following "guiding principle" regarding this inherent equitable power: "when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Id.* (citation omitted). "Courts in this district have thus routinely awarded attorney's fees when the respondent has neither complied with the award nor opposed the petition to confirm arbitration." *Gelman v. Borruso*, No. 19-cv-10649 (RA), 2020 WL 4266678, at *4 (S.D.N.Y. July 23, 2020) (collecting cases). However, some courts refuse to do so absent a showing of bad faith. *See, e.g.*, *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. H. Indus. Union Furniture Installers Inc.*, No. 20-cv-02828 (PAE), 2020 WL 2787656, at *4 (S.D.N.Y. May 29, 2020) (declining to award attorneys' fees in the absence of evidence of bad faith).

The Court need not reach the question of whether Petitioners have met their burden of showing bad faith here because the agreement between the parties provides for an award of attorneys' fees and costs. *See* CBA art. XV, § (6)(a)(4); Collection Policy § V(6). Attorneys' fees and costs may be awarded if the parties contractually agreed as such. *See McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1313 (2d Cir. 1993) (holding that "parties may agree by contract to permit recovery of attorneys' fees, and a federal court will enforce contractual rights to attorneys' fees"); *N.Y.C. Dist. Council of Carpenters Pension Fund v. Dafna Constr. Co.*, 438 F. Supp. 2d 238, 242 (S.D.N.Y. 2006) (awarding attorneys' fees in confirming an

7

arbitration award "because the Agreement itself require[d] [respondent] to pay attorneys' fees incurred by the Trustees in seeking confirmation"); *SEIU v. Stone Park Assocs., LLC*, 326 F. Supp. 2d 550, 551, 556 (S.D.N.Y. 2004) (awarding attorneys' fees when confirming arbitration award, "as provided in the collective bargaining agreement"); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Mahi Painting, Inc.*, No. 22-cv-06496 (GHW), 2022 WL 7584364, at *5 (S.D.N.Y. Oct. 13, 2022) (finding "an award of attorneys' fees and costs justified" where the party's collection policy entitled the petitioners to recover attorneys' fees incurred while enforcing their right to payroll audits and the respondents did not comply with the resulting arbitration award).

Respondent is an "employer" under the CBA and therefore is responsible for "all delinquent contributions, interest, delinquency assessment, debt collection service fees, attorneys' fees, the cost of a payroll review and/or audit, and any other expenses incurred by the Funds in determining the amount of the delinquency and in collecting the delinquency, to the full extent permitted by the applicable law." Collection Policy § IV(11); *see* CBA art. XV, § 6. The Collection Policy also states that in connection with interest and delinquency assessments, "attorneys' fees shall be assessed against a delinquent employer, at the same hourly rate charged to the Funds for such services . . . for all time spent by Collection Counsel in collection efforts or in enforcing the Board of Trustees' rights to payroll reviews and/or audits." Collection Policy § V(6). These provisions grant a contractual right to Petitioners to recover attorneys' fees incurred in collecting delinquent amounts owed by Respondent under the CBA and Collection Policy.

Finally, Petitioners have provided detailed time records and met their burden of proving the reasonableness and necessity of the hours spent, rates charged, and litigation costs incurred, especially given the modest amount of time (6 hours) that was spent in connection

8

with this matter. *See* Dkt. 1-11; *see also Trs. of N.Y.C Dist. Council of Carpenters Pension Fund v. Xtreme Drywall & Acoustics, Inc.*, No. 15-cv-04247 (LGS), 2015 WL 4187613, at *2 (S.D.N.Y. July 9, 2015) (awarding $1,817.50 in attorneys' fees for six hours of work); *Dist. Council of N.Y.C & Vicinity of the United Bhd. of Carpenters v. Homeric Contracting Co.*, No. 24-cv-07273 (JGK), 2025 WL 315827, at *3 (S.D.N.Y. Jan. 28, 2025) (awarding $1,920 in attorneys' fees for six hours and forty minutes of work.).

## CONCLUSION

For the reasons stated above, the Court GRANTS Petitioners' unopposed Petition to confirm the Award. Judgment is entered in favor of Petitioners and against Respondent as follows:

(a) The arbitration award dated June 12, 2024, is confirmed;

(b) Respondent is ordered to pay Petitioners a total of $4,386.89, plus interest at the annual rate of 10.25% from June 12, 2024, pursuant to the terms of the Award;

(c) Respondent is ordered to pay Petitioners post-judgment interest at the statutory rate pursuant to 28 U.S.C. § 1961(a); and

(d) Respondent is ordered to pay Petitioners $1,903.50 in attorneys' fees and $132.50 in costs.

Dated: June 12, 2025
        New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge